UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARDINAL SQUARE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-00114-JRS-MJD |
| ) | |
| QBE SPECIALTY INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO COMPEL**

This matter is before the Court on Defendant's Motion to Compel Cardinal Square to Produce Documents. [Dkt. 115.] For the foregoing reasons, the motion is **GRANTED**.

**I. Background**

This is an insurance coverage dispute arising from lightning strike damage to an HVAC system in a Muncie apartment building. On April 5, 2023, Defendant issued a Third-Party Subpoena to Produce Documents, Information, or Objects to Third-Party Armfield, Harrison, and Thomas, LLC ("AHT"). [Dkt. 116-2.] AHT is an independent insurance broker who was utilized by Plaintiff to procure insurance for the apartment complex at issue in this case. Several months after the subpoena was issued to AHT, Plaintiff provided Defendant with certain AHT documents in response to it. While Plaintiff turned over some AHT documents, Plaintiff withheld nearly 2,000 other pages, stating that they were protected from discovery based on the work product doctrine and the attorney-client privilege. Plaintiff has provided those documents to the Court for *in camera* review.

## II. Discussion

Plaintiff contends that all of the documents at issue are protected by the attorney-client privilege, the work product doctrine, or the common interest privilege.[1] Plaintiff has provided a privilege log on which it has identified the 1,951 pages it has withheld. Plaintiff's privilege log includes a column that is named "Basis for Withholding," on which it notes the basis or bases for each document being withheld. However, Plaintiff does not provide any further explanation as to why it believes the documents are privileged or protected work product.

As Defendant points out, "[t]he attorney client privilege protects communications made in confidence by a client to his attorney in the attorney's professional capacity for the purpose of obtaining legal advice." *Jenkins v. Bartlett*, 487 F.3d 482, 490 (7th Cir. 2007). It is well established that "a party that seeks to invoke the attorney-client privilege has the burden of establishing all of its essential elements." *United States v. BDO Seidman*, 337 F.3d 802, 811 (7th Cir. 2003). Plaintiff has failed to meet that burden.

In its brief, Plaintiff argues that it withheld communications with AHT because AHT is an agent of Plaintiff, and the subject matter of their communications relates to attorney rendered legal advice. Plaintiff has not provided document-by-document reasoning as to why said communications are privileged or how the communications pertain to legal advice. Plaintiff relies on *Off. Depot, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, 2010 WL 11505167 (S.D. Fla. Aug. 17, 2010), in support of its argument that all communications between Plaintiff and AHT should be privileged. In that case, immediately following the incident at issue, the

---

[1] The Court notes that Plaintiff's Privilege Log refers to the common interest privilege. Defendant provides argument in reference to the privilege; however, in its response, Plaintiff does not discuss it. As such, the Court will not address it at this time. *See Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.")).

parties anticipated that civil litigation would result. *Off. Depot, Inc.*, 2010 WL 11505167 at *2. In addition, in that case, the communications "include[d] substantive discussions between [the broker] and Office Depot and/or communications between Office Depot and its in-house or outside counsel that were thereafter forwarded to [the broker]." *Id.* at *3. That is not the case here. The Court's review of the documents reveals that, while communications between Plaintiff and AHT may have occurred, they were not substantive conversations made in confidence for purposes of legal advice or in anticipation of litigation. Rather, many of the documents provided to the Court by Plaintiff consist of documents that have already been shared with QBE, Zoom link invitations, or email communications with people outside of Plaintiff, AHT, and their attorneys.

Plaintiff further argues that other documents are protected by the work product doctrine. Plaintiff argues:

> At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. But the doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system. One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself.

*BASF Aktiengesellschaft v. Reilly Indus., Inc.*, 224 F.R.D. 438, 441 (S.D. Ind. 2004) (quoting *U.S. v. Nobles*, 422 U.S. 225, 238-39 (1975)).

Plaintiff also argues that it withholds certain documents on the basis that producing such documents, such as communications from Defendant itself, policy provisions, or factual reports, as "would allow QBE to reverse engineer the thoughts and impressions of Cardinal Square's attorneys by matching up dates of communications disclosed in the privilege log to the underlying attachments." [Dkt. 120 at 15.] This argument is based on *Upjohn Co. v. U.S.*, 449

U.S. 383, 395-96 (1981), which has been interpreted by the Northern District of Indiana, among other courts, to mean that even though the underlying content of the independently discoverable attachment is not privileged, the act of sending the attachment is privileged. *See Barton v. Zimmer Inc.*, 2008 WL 80647, at *5 (N.D. Ind. Jan. 7, 2008). However, as Defendant points out, other courts, including one in the Southern District of Indiana, have found that "attachments to an email do not become privileged just by virtue of the privileged email itself." *United States v. Community Health Network, Inc.*, 2023 WL 3151847 at *6 (S.D. Ind. April 28, 2023). Indeed, "merely communicating with a lawyer or copying a lawyer on an otherwise non-privileged communication will not transform the non-privileged communication or attachment into a privileged one, even if the otherwise non-privileged communication was at the behest of the lawyer." *Id.*, citing *Towne Place Condo. Ass'n v. Philadelphia Indem. Ins. Co.*, 284 F. Supp. 3d 889, 895 (N.D. Ill. 2018).

That is the case here. Just because a document is produced by an attorney, or the attorney is copied on an email, does not mean it is protected under the work product privilege. *Doe v. Netflix, Inc.*, 2023 WL 2712365 at *3 (S.D. Ind. Mar. 30, 2023). Plaintiff cannot withhold documents simply because they may be related to the ongoing litigation if it does not show that the documents were created **in anticipation** of the litigation.  Further, it cannot withhold documents by suggesting that they have become privileged through copying an attorney on an email.

After a review of the documents provided by Plaintiff to the Court, the Court does not find that the communications are privileged. Furthermore, even if some of the documents Plaintiff provided to the Court might be privileged, Plaintiff has failed to satisfy its burden of demonstrating that they are privileged. As mentioned, "a party that seeks to invoke the attorney-

client privilege has the burden of establishing all of its essential elements." *BDO Seidman*, 337 F.3d 802 at 811. Further, the party seeking protection under the work product doctrine has the burden of showing how the work product doctrine applies to the documents at issue. *Henderson v. Zurn Indus., Inc.,* 131 F.R.D. 560, 570 (S.D. Ind. 1990) (citing *Binks Manufacturing Co. v. National Presto Industries, Inc.,* 709 F.2d 1109 (7th Cir.1983) (The mere fact that litigation ensues does not, by itself, cloak materials with work product immunity)). Plaintiff has failed to meet its burden in showing protection under either the attorney-client privilege or the work product doctrine.

### III. Conclusion

For the reasons set forth above, Defendant's Motion to Compel Cardinal Square to Produce Documents, [Dkt. 115] is **GRANTED**. Plaintiff shall produce the documents to Defendant by **December 14, 2023**.

SO ORDERED.

Dated: 7 DEC 2023

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.